# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ANDREW CAMPBELL, #L3214                               PETITIONER

v.                                                                                 No. 3:04CV185-M-B

COOPER MISKELLY, ET AL.                                 RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the October 13, 2004, *pro se* petition of Andrew Campbell for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state answered the petition on May 11, 2005. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

## Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Carroll-Montgomery County/Regional Correctional Facility at Vaiden, Mississippi after pleading guilty to one count of sale of cocaine and one count of sale of marijuana in the Circuit Court of Montgomery County, Mississippi. The petitioner was sentenced in Count I (sale of cocaine) to serve fifteen years in the custody of the Mississippi Department of Corrections with five years suspended for five years (during which time petitioner would serve five years under supervised probation). The petitioner was sentenced in Count II (sale of marijuana) to serve three years in the custody of the Mississippi Department of Corrections. The sentence in Count II runs concurrently with the sentence in Count I.

On March 27, 2003, petitioner filed an "Application To Vacate And Set Aside Conviction and Sentence," a "Memorandum Brief In Support Post Conviction Collateral Relief" and a

"Supplemental Memorandum of Authorities" in the circuit court, assigning as error the following (verbatim - as stated by petitioner):

- A. Ineffective Assistance Of Counsel

    (1) Trial counsel failed to seek a psychiatric examination in regards to petitioner's competency
    (2) Trial counsel failed to challenge the defective indictment
    (3) Trial counsel destroyed discovery materials provided by the district attorney (specifically, one tape concerning nature of transactions)
    (4) Trial counsel allowed petitioner to plead guilty out of fear, and coercision due to threat of #30 year sentence

- B. Entrapment By Deception

- C. Denial of (<u>Fast and Speedy Trial</u>) Due Process

- D. Petitioner Was Denied His Constitutional Right Of Discovery Before Trial

- E. Guilty Plea Based On Coercion, And Fear, Involuntarily Given

- F. Improper Sentence

On April 23, 2003, the Montgomery County Circuit Court denied the petitioner's post-conviction application and further ordered the petitioner to forfeit sixty days of earned time for filing a frivolous post-conviction pleading. Clerk's Papers (C.P.), pp. 36, 37-46.

The petitioner then appealed the circuit court's denial of his post-conviction application to the Mississippi Court of Appeals, assigning as error the following (as stated by the petitioner):

- A. Ineffective Assistance Of Counsel

- B. Defective Indictment

- C. Entrapment By Deception

- D. Denial Of Fast And Speedy Trial

  E.  Guilty Plea Based On Coercion And Fear Should Be Vacated; And Set Aside

  F.  Denial of Initial Appearance

On March 9, 2004, the Mississippi Court of Appeals affirmed the circuit court's denial of petitioner's post-conviction motion. *Campbell v. State*, 878 So.2d 227 (Miss. App. 2004), *cert. denied*, July 22, 2004, (Cause No.2003-CP-00977-COA).

The petitioner raises the following grounds in the instant *federal* petition for a writ of *habeas corpus* (as stated by the petitioner):

  A.  Ground One - Ineffective Assistance of Counsel:

    (1) Trial counsel failed to seek a psychiatric examination in regards to Campbell's competency.
    (2) Trial counsel failed to assert an entrapment defense.
    (3) Trial counsel failed to challenge a substantially defective indictment.
    (4) Trial counsel destroyed important discovery material.
    (5) Trial counsel allowed petitioner to enter a guilty plea out of fear and by coercion.

  B.  Ground Two - Defective Indictment

  C.  Ground Three - Involuntary Guilty Plea

  D.  Ground Four - Denial of Speedy Trial

  E.  Ground Five - Improper Sentence[1]

## Discussion

All of the petitioner's grounds for relief in the instant petition are without merit and shall be dismissed. The sub-part of Ground One alleging that counsel was ineffective for failing to

---

[1]Ground Five is not listed as a claim in the instant petition but is alleged and discussed in the petitioner's "Memorandum In Support Of Habeas Corpus."

raise the defense of entrapment is procedurally barred because the petitioner has raised it for the first time in the instant petition. Grounds Two and Five are issues of state law only and thus do not rise to the level of a federal claim the court may review in a petition for a writ of *habeas corpus*. The remaining claims in Ground One – as well as the claims in Ground Three and Four – were denied on the merits by the Mississippi Court of Appeals and thus cannot be decided by this court. For these reasons, which the court shall discuss more fully below, the instant petition for a writ of *habeas corpus* shall be denied.

## Ground One, Subpart Two:
## Counsel's Failure to Raise Entrapment as a Defense

The petitioner claims in Ground One, Subpart Two, that his trial counsel was ineffective for failing to raise the defense of entrapment. The petitioner failed to assert this claim in any proceeding prior to the present federal petition for a writ of *habeas corpus*; as such, the claim is procedurally barred. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). In addition, the petitioner has not alleged or argued that he had "cause" not to bring this claim in prior proceeding under the "cause and prejudice" test. As such, the court cannot reach the merits of the claim despite the procedural bar, as no external impediment prevented the petitioner from raising the claim in state court.[2] *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Without a showing of "cause," the court need not consider whether the petitioner suffered actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Furthermore, the petitioner will

---

[2]While courts have found that attorney error can be sufficient cause to overcome procedural default, the petitioner cannot claim such error in the instant case. First, he was not entitled to counsel to assist with post-conviction matters; second, he filed his motion for post-conviction relief *pro se*. *Matchett v. Dretke*, 380 F.3d 844, 849 (5th Cir. 2004). As such, the failure to assert the claim at issue in the petitioner's post-conviction motion falls on his own shoulders.

not suffer a "fundamental miscarriage of justice" if the court does not hear this claim on the merits, as the petitioner has not argued that he is actually innocent of the crime for which he was convicted. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). For these reasons, the petitioner's claim in Ground One, Sub-part Two that counsel was ineffective for failing to raise the defense of entrapment shall be denied.

## Grounds Two and Five - Issues of State Law Only

The petitioner argues in Ground Two that his indictment was defective; in Ground Five the petitioner argues that he was not sentenced in accordance with state statutory guidelines. Grounds Two and Five are issues of state law as interpreted by the state supreme court and are thus beyond the reach of this court in a federal petition for a writ of *habeas corpus*, as no federal constitutional issues are involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). Regarding the defective indictment claim in Ground Two, the petitioner pled guilty to both counts currently under scrutiny, as such, he has waived *all* defects in the indictment except those going to the trial court's subject matter jurisdiction. *United States v. Bell*, 966 F.2d 914 (5th Cir. 1992). In addition, as the Mississippi Court of Appeals found the indictment sufficient under state law, "a federal court need not address that issue." *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994). Ground Two is thus without merit and shall be denied.

The petitioner argues in Ground Five that the trial court made fundamental errors during his sentencing by failing to take note of his status as a first-time offender and in misapplying MISS. CODE ANN. § 41-29-139. Again, however, these are issues of state law only – issues already discussed at length by the Mississippi Court of Appeals:

5

> We find that Campbell is incorrect in his assertion that the trial court was unaware
> of the fact that he had no prior felony convictions at the time he was sentenced.
> Paragraph eight of Campbell's petition to enter a plea of guilty stated this fact.
> Campbell is also incorrect that Mississippi Code Annotated Section 41-29-139
> creates authority for the trial court or this Court to re-sentence him. Our review of
> that particular statute grants no such authority. Even assuming *arguendo* that it
> did, we would still decline because we find Campbell's sentence to be fair and
> proper under the circumstances.

*Campbell*, 878 So. 2d at 230. As discussed above, however, matters of state law already decided by a state appellate court are not the province of a federal *habeas* court. *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994). For these reasons, the petitioners claim in Ground Five that he was sentenced inappropriately under state law shall be denied.

### Grounds One, Three, and Four - Denied On the Merits
### By the Mississippi Court of Appeals

The Mississippi Court of Appeals has already considered Grounds One[3], Three, and Four on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

---

[3]The present discussion of Ground One excludes sub-part Two, which, as discussed above, is procedurally barred due to the petitioner's failure to raise the claim in state court.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Court of Appeals unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Three, and Four of petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the court of appeals applied the law were determined unreasonably in light of the evidence presented. The court of appeals is presumed to have determined the facts reasonably; therefore, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing

7

evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). The petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas* review issues already decided on the merits.

## Ground One - Ineffective Assistance of Counsel

In Ground One, the petitioner presents five sub-parts to his claim of ineffective assistance of counsel at trial: (1) counsel failed to seek a psychiatric examination in regards to the petitioner's competency; (2) counsel failed to assert an entrapment defense; (3) counsel failed to challenge a substantially defective indictment; (4) counsel destroyed important discovery material; and (5) counsel allowed the petitioner to enter a guilty plea out of fear and by coercion. As discussed above, sub-part two is procedurally barred. The state appellate court did, however, address sub-parts three, four, and five and found no merit to the claims, citing *Strickland v. Washington*, 466 U.S. 668 (1984). *Campbell*, 878 So. 2d at 231. Strangely, although the petitioner presented sub-part one to both the trial court and appellate court in his state motion for post-conviction relief, neither the trial court nor the appellate court addressed the issue. None of these issues has merit.

"[A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the wide range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 106 S.Ct. at 369; *see also McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970). The familiar two-pronged test of *Strickland v. Washington,* 466 U.S. 668 (1984) applies to cases such as this, where a petitioner challenges his guilty plea based on ineffective assistance of counsel. *Hill,* 106 S. Ct. at 370.

8

*Strickland* requires a finding both of deficient performance on the part of counsel *and* of resulting prejudice to the petitioner's legal position before a court may find that counsel was ineffective. *Strickland, supra.* Under the deficiency prong, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Counsel's performance is presumed to fall within the broad range of reasonable professional assistance. *Strickland,* 466 U.S. at 668. To overcome this presumption, the petitioner must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Prejudice occurs during a guilty plea if there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and, instead, would have insisted upon going to trial. *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996); *United States v. Smith,* 844 F.2d 203, 209 (5th Cir. 1988). A petitioner must prove both deficient performance and actual prejudice to show that counsel was ineffective. *Carter v. Johnson,* 131 F.3d 452, 463 (5th Cir. 1997), *cert denied,* 523 U.S. 1099, 118 S. Ct. 1567, 140 L.Ed.2d 801 (1998).

**Ground One, Sub-Part One - The Petitioner's Competence to Enter a Plea**

In sub-part one, the petitioner argues that his attorney should have requested a psychiatric examination and a competency hearing because the petitioner has only a seventh grade education and a "slow mind." The constitutional standard as to competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *accord Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 2685, 125 L.Ed.2d 321

9

(1993). The petitioner presents only his bald assertion that he lacks education and has a "slow mind." Such assertions warranted neither a psychiatric examination nor a competency hearing in state court and fail to state a claim in the present federal petition for a writ of *habeas corpus*. The trial court noted the petitioner's educational level as well as his inability to read or write at his guilty plea hearing. The court informed the petitioner that if he did not understand any part of the proceeding that he should let the court know so the court could rectify that deficiency. Many times during the hearing, the court asked the petitioner if he understood what was happening, and the petitioner repeatedly stated that he did. *Id*. The first time the petitioner argued that he lacked the capacity to understand the proceedings was in his state motion for post-conviction relief. Nothing in the record suggests that the petitioner lacked the capacity to plead guilty. Thus, defense counsel had no basis upon which to request a psychiatric examination or a competency hearing. Further, based upon the petitioner's testimony at the plea hearing and his submissions to state and federal courts, the plea process would not have transpired differently. For these reasons, the petitioner's claim in sub-part one must fail.

### Ground One, Sub-Part Three - Counsel's Failure to Challenge the Indictment as Defective

The petitioner argues in sub-part three that his trial counsel was ineffective for failing to challenge his indictment as defective. As discussed above, however, the state appellate court found the indictment sufficient, and a federal court may not disturb such a finding in a *habeas corpus* proceeding. Therefore, counsel's failure to challenge the indictment cannot be deemed unreasonable. *Clark v. Collins,* 19 F.2d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

### Ground One, Sub-Part Four - Counsel's Alleged Destruction
### of "Important Discovery Material"

In subpart four, the petitioner argues that his trial counsel was ineffective because he destroyed "important discovery material." The petitioner presents no argument in support of this claim in federal *habeas corpus* petition, nor does specify the content of the "important discovery material." In his state post-conviction motion, however, the petitioner alleges that the "important discovery material" was a tape provided to the defense by the prosecution. The trial court, in its opinion denying the petitioner's post-conviction motion, postulated that the tape to which petitioner was referring showed the petitioner selling cocaine and marijuana. The trial court found, absent any supporting documentation, that the petitioner's claim was without merit. On appeal, the Mississippi Court of Appeals agreed with the trial court – specifically noting the petitioner's failure to offer any supporting affidavits. *Campbell*, 878 So. 2d at 231. The destruction of the tape could not have prejudiced the petitioner, as the "original tape was still in the hands of the prosecutors[, ] . . . [and] [a]nother copy of the tape could have been obtained without any difficulty whatsoever." Brief and Other Pleadings, p. 656. The resolution of this claim by the Mississippi Court of Appeals was therefore reasonable in fact and in law. As such, the claim must fail.

### Ground One, Sub-Part Five - Counsel Permitted
### the Petitioner to Plead Guilty Out of Fear and Coercion

The petitioner argues in Sub-Part Five that trial counsel permitted the petitioner to enter a guilty plea out of fear and coercion. As discussed in the analysis of Ground Three below, the record shows clearly that the petitioner pled guilty knowingly and voluntarily. This claim is thus without merit and shall be dismissed.

### Additional Argument Within Ground Three - Counsel's
### Erroneous Advice Led the Petitioner to Plead Guilty

Within the petitioner's argument in Ground Three the petitioner argues that his trial counsel's erroneous advice led him to plead guilty. The petitioner, however, fails to specify how "the advice he received from counsel was not within the wide range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 106 S.Ct. at 369; s*ee also McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970). Further, the petitioner fails to present any proof of this allegation; as such, the claim is merely conclusory and thus insufficient to justify *habeas corpus* relief. *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). The petitioner has not specified what erroneous advice his counsel gave him – or presented any proof to support this allegation of ineffective assistance of counsel. The state court's conclusions on this issue were thus reasonable in fact and in law; as such, this claim shall be denied. In sum, all of the petitioner's claims of ineffective assistance of counsel (those spelled out in Ground One, as well as the one found in the petitioner's discussion of Ground Three) are without merit and shall be denied.

### Ground Three - Coerced Guilty Plea

The petitioner argues in Ground Three that he was coerced into entering a guilty plea because: (1) he feared a thirty-year sentence, (2) he experienced emotional stress due to family influences, and (3) he received erroneous advice from his attorney. The state trial and appellate courts agreed that the petitioner's plea was not coerced:

> The transcript from the plea hearing reveals that Campbell was concerned about the effect the pending criminal charges were having on his family. Despite this,

> the transcript clearly shows that the decision to plead guilty was solely Campbell's.
>
> There is no evidence in the record that Campbell pled guilty because he was pressured or threatened by anyone or due to the fear of receiving a thirty year sentence. In addition, Campbell has offered no specific facts to support his claim that he pled guilty because of his counsel's erroneous advice. As a result, we hold that Campbell's guilty plea was knowingly, intelligently, and voluntarily entered.

*Campbell*, 878 So. 2d at 230.

"[A] guilty plea must be both knowing and voluntary." *Parke v. Raley*, 506 U.S. 20, 28, 113 S.Ct. 517, 523 (1992)(citations omitted). "'The standard [is] whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id*; *see also Brady v. United States*, 397 U.S. 742, 747, 90 S.Ct. 1463, 1469 (1970)("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").

In the instant case, the record supports the finding that the petitioner entered his guilty plea knowingly and voluntarily. *See* "Guilty Plea Transcript." During the plea hearing, the court recognized the petitioner's inability to read and write and inquired whether he understood what was happening and why he was appearing in court. *Id.* at 3-5. The court detailed the constitutional rights that the petitioner would waive if he pled guilty – and inquired whether he had been promised any type of reward or had been threatened into pleading guilty. *Id.* at 5-7. The court discussed the terms of the plea agreement and informed the petitioner that the court was not obligated to accept the agreement. *Id.* at 9-10. The court then informed the petitioner of the minimum and maximum sentences for each charge and asked him if he and his attorney had discussed any defenses. Thereafter, the state informed the court of the factual basis of each

13

charge. *Id.* at 10-17. Throughout the hearing, the petitioner testified that he understood the charges, the rights he would be waiving, and the plea agreement – as well as the minimum and maximum sentences. *Id.* The petitioner stated further that he had not been threatened or coerced into pleading guilty and that entering a guilty plea was what he wished to do. *Id.* The petitioner stated that he wanted to plead guilty to end the criminal process because it had been stressful for his family. *Id.* at 7. All evidence of record reflects that the petitioner's guilty plea was both knowing and voluntary.

The petitioner also claims that erroneous advice of his attorney caused him to enter a guilty plea. This claim is conclusory and unsupported in the record. First, the petitioner argues that his attorney did not inform him of the available defenses. The petitioner, however, testified under oath that he had discussed the possible defenses with his attorney – including the defense of entrapment. This claim is thus without substantive merit and shall be denied.

Indeed, there is no evidence of record to support any of the claims in Ground Three. As such, the state appellate court's resolution of this issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. For these reasons, the claims in Ground Three shall be dismissed.

## Ground Four - Denial of Right to a Speedy Trial

The petitioner argues in Ground Four that he was denied his constitutional right to a speedy trial because he was arrested March 7, 2002, during the grand jury term but was not sentenced until October 7, 2002. The trial court reviewed this issue on the petitioner's motion for post-conviction relief and found no violation of petitioner's constitutional right to a speedy

14

trial, holding that only seven months passed between petitioner's indictment on March 7, 2002, and the entry of his guilty plea on October 7, 2002. The trial court held that there was no evidence to indicate that the petitioner had been arrested or effectively accused prior to his indictment; thus, the time period for a constitutional violation did not begin to run until the date of indictment. On appeal from the denial of the petitioner's post-conviction motion, the court of appeals affirmed the trial court, holding that the time between indictment and sentencing was not presumptively prejudicial, and, therefore, no further inquiry was necessary. *Campbell*, 878 So. 2d at 230.

"[B]y entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below." *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992)(citations omitted); *see also Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993)(citations omitted). A speedy trial claim is a non-jurisdictional defect; as such, the petitioner waived that claim when he pled guilty to the charge in the indictment. *See Nelson* at 850.

In addition, the appellate court's analysis and resolution of the speedy trial claim followed the four-pronged test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which governs the review of constitutional speedy trial claims. The court must weigh four factors when analyzing a constitutional speedy trial claim: (1) length of delay, (2) reason for the delay, (3) accused's assertion of the speedy trial right, and (4) prejudice to the accused. *Id*. at 530. These factors must be considered together, and no single factor is determinative. *Id*. at 533. The first factor serves as a "triggering mechanism" in determining the length of delay. *Id*. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the

15

right to speedy trial, the length of delay is necessarily dependent upon the peculiar circumstances of the case." *Id*. "The relevant period of delay is that following accusation, either arrest or indictment, whichever occurs first." *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993)(*citing Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975)). A one year delay is routinely recognized as "presumptively prejudicial" in the Fifth Circuit. *Id*. (citing *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993)). The Mississippi Supreme Court has held that a delay of eight months or longer is "presumptively prejudicial." *State v. Woodall*, 801 S0.2d 678, 682 (Miss. 2001)(*citing Smith v. State*, 550 So.2d 406, 408 (Miss. 1989)).

In the instant case, both the trial and appellate courts found that the delay between indictment and sentencing was only seven months and therefore not presumptively prejudicial. *See Campbell*, 878 So. 2d at 230. This finding was reasonable in fact and in law; as such, the petitioner's claims in Ground Four shall be dismissed.

In sum, all of the grounds raised in the instant petition for a writ of *habeas corpus* are without merit and shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 15th day of July, 2005.

              **/s/ Michael P. Mills**
              **UNITED STATES DISTRICT JUDGE**